UNITED STATES COURT OF APPEALS
FOR THE ___Fourth___ CIRCUIT

Jameson Weatherford
(Petitioner)

)
)
v.                                )      Petition for Review
)
Department of Homeland Security   )
Transportation Administration     )
TSA Docket No. 12-TSA-0029 (Respondent)

I, Jameson Weatherford _____ hereby petition the court for review of

the Order of the __DHS/TSA_____ Commission entered on __27FEB__, 20_13___.

Pro Se _J.R. Weatherford_____
Attorney for Petitioners

Address: 2211 Rosewood Ave.

Richmond, Virginia [VA 23220]

U.S. COURT OF APPEALS
FOURTH CIRCUIT
2013 MAR 13  AM 9:06
RECEIVED

06/30/2011

Before the
DEPARTMENT OF HOMELAND SECURITY
**TRANSPORTATION SECURITY ADMINISTRATION**

| | |
|---|---|
| In the Matter of: )<br>)<br>Jameson B. Weatherford )<br>)<br>Respondent. ) | Docket No. 12-TSA-0029 |

## FINAL DECISION AND ORDER

Respondent Jameson B. Weatherford appeals the Order Granting Motion to Deem Allegations Admitted and Motion for Decision issued by the Administrative Law Judge (ALJ) on July 30, 2012. In the Order, the ALJ found that Respondent violated 49 C.F.R. §1540.111(a) and assessed a civil penalty of $1,500.00. For the reasons set forth below, Respondent's appeal is denied.

According to the Transportation Security Administration's (TSA's) regulations for civil penalty actions, a party may appeal only the following issues: (1) whether each finding of fact made by the ALJ is supported by a preponderance of reliable, probative, and substantial evidence; (2) whether each conclusion of law by the ALJ is made in accordance with applicable law, precedent, and public policy; and (3) whether the ALJ committed any prejudicial errors during the hearing that support the appeal. 49 C.F.R. § 1503.657(b).

*Procedural Background*

The ALJ Order describes the procedural background that took place upon the issuance of a Complaint by TSA on May 11, 2012. In the Complaint, TSA alleges that during the security screening of Respondent's carry-on baggage at Richmond International Airport on or about August 19, 2011, a kubaton with a concealed knife inside it was discovered. The kubaton was designed so that the existence of the knife was not apparent upon initial examination. On May

1

21, 2012, TSA received a letter from Respondent stating that he is not an attorney and asking questions regarding the Complaint. On May 25, 2012 Respondent sent a letter withdrawing his consent to the TSA process and attaching a Motion to Strike/Dismiss. On May 30, 2012, the ALJ issued an Order notifying TSA counsel of the first letter, explaining to Respondent the prohibition on *ex parte* communications and providing Respondent with a copy of TSA's regulations applicable to civil penalty cases.

On June 21, 2012, TSA filed a Motion to Deem Allegations Admitted and Motion for Decision. TSA stated that Respondent's Motion to Strike/Dismiss was based on arguments that were not proper. TSA noted that Respondent failed to file an Answer as required by 49 C.F.R. §1503.611(a) and that the regulations specify that failure to do so without good cause will be deemed an admission of the truth of each allegation contained in the Complaint. 49 C.F.R. §1503.611(d). TSA also pointed out that the Complaint contained a sample Answer and instructions for filing an Answer. On June 25, 2011, Respondent sent an email withdrawing his request for a hearing and attaching a Motion to Strike TSA's Motion to Deem Allegations Admitted and Motion for Decision and Demand for Withdrawal of Request for Hearing.

On June 29, 2012, the ALJ issued an Order denying Respondent's Motion to Strike/Dismiss, denying Respondent's Motion to Strike TSA's Motion to Deem Allegations Admitted and Motion for Decision, denying Respondent's Motion to Withdraw Request for Hearing, deferring a decision on TSA's Motion to Deem Allegations Admitted and Motion for Decision, and ordering Respondent to submit a responsive Answer or pleading and to show cause why he failed to file in the proper timeframe by July 16, 2011.

On July 6, 2012, Respondent sent another email complaining that his questions regarding the Complaint were not answered and objecting to the show cause order issued by the ALJ.

Respondent stated that he did not have sufficient information to admit or deny any of the allegations contained in the Complaint. He also asked to cancel his request to withdraw from a hearing.

On July 26, 2012 TSA filed a Motion to Strike and Motion for Decision. TSA argued that the Respondent's claims he did not have sufficient information to respond to the Complaint are in bad faith and, if not struck from the record, should be treated as a general denial under 49 C.F.R. § 1503.611(c) and deemed a failure to Answer the Complaint. On July 27, 2012, the Respondent sent an email submitting a Notice of Objections and Addendum to Show Cause Order.

At that point, the ALJ determined the case was ripe for a decision in regard to the pending motions. In the Order, the ALJ explains that Respondent received a copy of the TSA procedural regulations and was instructed that he must follow the regulations. His June 29, 2012 Order provided Respondent with background information on aviation security regulations and provided Respondent another opportunity to provide a responsive Answer. The ALJ found that Respondent's claims that the regulations were not valid, that TSA lacked standing, and other evidentiary matters he raised do not provide any valid basis as to why he did not provide a responsive Answer to TSA's Complaint. The ALJ notes that neither deliberate noncompliance nor claims of ignorance of the law is a valid basis to avoid responsibility for acts that violate Federal regulations. Accordingly, the ALJ found that Respondent failed to show good cause as to why he failed to provide a timely Answer. As a result, the allegations in the Complaint were deemed admitted. Because there was no genuine issue of material fact, TSA was entitled to a decision as a matter of law. The ALJ found that the civil penalty was fair and reasonable.

3

*Appeal as to Findings of Fact*

In his appeal Respondent questions whether each finding of fact is supported by a preponderance of the evidence. Respondent argues that the Complaint was not supported by any evidence. The subject of an appeal is the initial decision of the ALJ, not the Complaint. 49 C.F.R. §1503.657(a). The ALJ Order does not contain any findings of fact because the allegations of the Complaint were deemed admitted due to Respondent's failure to file an Answer. Respondent could have challenged the allegations in the Complaint by filing an Answer to the Complaint. Respondent chose not to do so, despite having been notified of the requirement to file and the consequences of failing to do so.

Further, the Complaint was consistent with TSA's regulations. "A Complaint must set forth the facts alleged, any statute, regulation, or order allegedly violated by the respondent and the proposed civil penalty in sufficient detail to provide notice of any factual or legal allegation and proposed civil penalty." 49 C.F.R. §1503.609(b). The Complaint in this case was consistent with the regulatory requirement and provided Respondent with notice of the alleged facts. It also provided Respondent with notice of the regulations allegedly violated by the Respondent. 49 C.F.R. §1540.105(a) states in part:

> No person may: (1) Tamper or interfere with, compromise, modify, attempt to Circumvent, or cause a person to tamper or interfere with, compromise, modify, or attempt to circumvent any security system, measure, or procedure implemented under this subchapter. (2) Enter, or be present within, a secured area, AOA, SIDA or sterile area without complying with the systems, measures, or procedures being applied to control access to, or presence or movement in, such areas.

49 C.F.R. §1540.111(a) states that an individual,

> may not have a weapon, explosive, or incendiary, on or about the individual's person or accessible property – (1) When performance has begun of the inspection of the individual's person or accessible property before entering a sterile area, or before boarding an aircraft for which screening is conducted under this subchapter; (2) When the individual is entering or in a sterile area; or (3) When the individual

4

is attempting to board or onboard an aircraft for which screening is conducted under §§1544.201, 1546.201 or 1562.23 of this chapter.

TSA has published a list of items that it considers to constitute a weapon, explosive, or incendiary and are prohibited in accessible property. 70 FR 9878 (Mar. 1, 2005). That list includes both kubatons and knives. The list is also posted on TSA's public website at www.tsa.gov.

TSA's regulations require that upon receipt of the Complaint, the Respondent must submit an Answer within thirty days after service of the Complaint. 49 C.F.R. §1503.611(a). The regulations also state that failure to file an Answer without good cause as determined by the ALJ will be deemed an admission of the truth of each allegation in the Complaint. 49 C.F.R. §1503.611(d). The Complaint served on Respondent included a statement that an Answer was required, instructions on how to file an Answer and a warning that failure to provide a timely Answer may be deemed an admission to any and all allegations set forth in the Complaint. The Complaint also included an Answer Form that could be filled out and returned. The ALJ's May 30, 2012 Order included a copy of the regulations and an advisement that the regulations must be followed.

While Respondent was *pro* se at the time of the default, he is not excused from following the regulations.[1] Adherence to the regulations governing civil penalty enforcement actions is essential to preserve the integrity and fairness of the process. Respondent was informed of the requirement to file an Answer and he should have filed an appropriate Answer. Instead, Respondent made multiple filings in which he purposefully failed to provide an Answer. The Answer is a crucial part of the civil penalty administrative process used to determine and deter security violations. Allegations that have not been answered are deemed, by operation of law, to

---

[1] In Re Bhirdo, 2008 WL 5626948 and In Re Hoem, 2009 WL 5626949.

5

be an admission of the truth of the allegations. When the allegations are admitted, there are no facts in dispute and no need for a hearing.

*Appeal as to Conclusions of Law*

Respondent next questions whether each conclusion of law is made in accordance with applicable law, precedent, and public policy. The ALJ properly applied the TSA rules of practice and his Order is in accord with the provisions of 49 C.F.R. §1503.611. Respondent claims that the ALJ erred in applying 49 C.F.R. §1503.611(c). That provision requires a specific denial of the allegations and states that "Any statement or allegation contained in the complaint that is not specifically denied in the answer may be deemed an admission of the truth of that allegation. A general denial of the complaint is deemed a failure to file an answer." Respondent failed to provide a specific denial. Even if Respondent's July 6th filing contending that he did not have sufficient information to admit or deny the allegations was held to be a sufficient Answer, he failed to show cause as to why the Answer was not timely filed. The ALJ has the authority to determine whether good cause is shown. 49 C.F.R. §1503.611(d). Respondent's July 6th submission did not address why he failed to file his Answer as required by TSA's regulations.

Respondent claims that the ALJ failed to answer his questions regarding the nature of the civil penalty proceedings. I disagree. The ALJ provided Respondent with the regulations that describe civil penalty proceedings and also provided background information regarding aviation security regulations. Respondent also claims that he was denied the opportunity for a hearing. Had Respondent followed the regulations and filed an Answer specifically denying the allegations in the Complaint, he could have proceeded to a hearing where TSA would bear the burden of proof regarding the allegations in the Complaint. Respondent or his attorney would

6

have had the opportunity to cross examine TSA witnesses and present evidence to support his defense. Respondent, despite having been notified of the procedures several times, failed to follow them.

Respondent states that he was denied the use of counsel. There is nothing in the ALJ Order that denies Respondent the opportunity to be represented by counsel. The Order refers to the Notice of Special Appearance submitted on behalf of the Respondent on July 25, 2012. There is no indication that the filing was disallowed. The ALJ notes that the filing has no bearing on the Order and that Respondent fails to refer to the person in his subsequent filings.

## *Appeal as to Prejudicial Errors*

Respondent makes several claims regarding the burden of proof. The regulations state that failure to file an Answer will be deemed an admission of the truth of each allegation. As a result, there were no material issues of fact to be determined at a hearing. The ALJ's decision to grant TSA's motion to deem the allegations admitted was consistent with the provisions of 49 C.F.R. §1503.611 regarding the consequence of failing to file an Answer. The ALJ's decision to grant TSA's motion for decision was consistent with 49 C.F.R. §1503.629(e)(5). That regulation states that the ALJ "must grant a party's motion for decision if the pleadings, depositions, answers to interrogatories, admissions, affidavits, matters that the ALJ has officially noticed or evidence introduced during the hearing show that there is no genuine issue of material fact and that the party making the motion is entitled to a decision as a matter of law. The party moving for decision has the burden of show that there is no genuine issue of material fact." Once the allegations were deemed admitted, there were no further facts in dispute. The motion for decision was properly granted.

7

Finally, Respondent claims that the ALJ used derogatory and disparaging language in the Order. I disagree. There are no improper references to Respondent. In fact, the record shows that the ALJ responded to Respondent's questions and gave Respondent an additional opportunity to provide a responsive Answer.

*Conclusion*

Based on the forgoing, Respondent's request for appeal is denied.

Any party may petition the TSA Decision Maker to reconsider or modify a Final Decision and Order. Petitions for reconsideration must be submitted not later than 30 days after service of the Final Decision and Order and must comply with the requirements described in 49 C.F.R. §1503.659. A party may petition for judicial review of a Final Decision and Order as permitted by 49 U.S.C. 46110 and described in 49 C.F.R. §1503.661.

Dated: February 27, 2013

J.W. Halinski
Deputy Administrator

8

U.S. DEPARTMENT OF HOMELAND SECURITY
TRANSPORTATION SECURITY ADMINISTRATION
Washington, D.C.

In the Matter of:               )
                                )
JAMESON WEATHERFORD             )   Docket No.
                                )   12 – TSA – 0029
              Respondent.       )

## CERTIFICATE OF SERVICE

I hereby certify that the original and one copy of the attached Final Decision and Order of the Transportation Security Administration Decision-Maker has been filed this 27th day of February, 2013, with the Enforcement Docket Clerk:

        ALJ Docketing Center, U.S. Coast Guard
        U.S. Custom House, Room 412
        40 South Gay Street
        Baltimore, MD    21202-4022
            ATTN: Enforcement Docket Clerk

I further certify that a copy of the Final Decision and Order of the Transportation Security Administration Decision-Maker has been mailed, first-class postage prepaid, this 27th day of February, 2013, to the following:

        Honorable Michael J. Devine
        Administrative Law Judge, U.S. Coast Guard
        U.S. Customs House, Room 412
        40 South Gay Street
        Baltimore, MD    21202

        TSA Decision-Maker
        U.S. Department of Homeland Security
        Transportation Security Administration
        601 South 12th Street, TSA-2
        Arlington, VA    20598

        Scott Klippel, Attorney-Advisor
        Office of Chief Counsel
        Transportation Security Administration
        601 South 12th Street, TSA-2
        Arlington, VA    20598

Marc Stevens
Representative for Respondent
P.O. Box 31258
Mesa, AZ 85275


Jameson R. Weatherford
2211 Rosewood Avenue
Richmond, Virginia 23220


*Christine A. Rosenquist*
Christine A. Rosenquist
Paralegal for Counsel to
The TSA Decision-Maker
Transportation Security Administration


DATE: February 27, 2013

# CERTIFICATE OF SERVICE

I certify that on <u>13MARCH2013</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

ALJ Docketing Center, USCG
Department of Homeland Security
U.S. Customs House, Room 412
40 S. Gay St.
Baltimore, Maryland
[MA 21202]

Michael Devine
Administrative Law Judge, USCG
Department of Homeland Security
U.S. Customs House, Room 412
40 S. Gay St.
Baltimore, Maryland [21202]

TSA Decision Maker
US Department of Homeland Security
Transportation Security Administration
601 S. 12th St., TSA-2
Arlington, Virginia
[VA 20598]

Scott Klippel
Transportation Security Administration
601 S. 12th St., TSA-2
Arlington, Virginia
[VA 20598]

_____
Signature

13 MAR 2013
Date