NO. 13-1339

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Jameson Weatherford
(Petitioner)

v.

Transportation Security Agency
Department of Homeland Security
(Respondent)

RECEIVED 2013 APR -1 AM 9:38
U.S. COURT OF APPEALS
FOURTH CIRCUIT

FILED
APR 01 2013
U.S. Court of Appeals
Fourth Circuit

ON PETITION FOR REVIEW OF AN ORDER OF

Final Decision and Order

## TSA Docket No. 12-TSA-0029

Jameson Weatherford
2211 Rosewood Ave.
Richmond, Virginia
[VA 23220]

Scott Klippel
Transportation Security Agency
601 S. 12th St.
Arlington, Virginia
[VA 20598]

*Counsel for* Jameson Weatherford          *Counsel for*          **TSA**

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No.   13-1339,        Jameson Weatherford v. Dept of Homeland Security
              12-TSA-0029

### 1. Jurisdiction (for appellants/petitioners only)
A. Name of court or agency from which review is sought:

    US Transportation Security Agency/Dept. of Homeland Security.

B. Date(s) of order or orders for which review is sought: 30 July 2012, 27 FEB 2013

### 2. Timeliness of notice of appeal or petition for review (for prisoners only)
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:

### 3. Issues for Review
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**       (See Attached)

**Supporting Facts and Argument.**

        (See Attached)

**Issue 2.**

        (See Attached)

**Supporting Facts and Argument.**

        (See Attached)

**Issue 3.**

    (See Attached)
**Supporting Facts and Argument.**

    (See Attached)

**Issue 4.**

    (See Attached)
**Supporting Facts and Argument**

    (See Attached)

4. **Relief Requested**
**Identify the precise action you want the Court of Appeals to take:**

    (See Attached)

5. **Prior appeals (for appellants/petitioners only)**

    TSA Appeal of Initial Administrative order 12TSA0029

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

(ATTACHMENT: ISSUES FOR APPEAL)

Issue 1.

## HARMFUL AND REVERSIBLE ERROR, DENIAL OF CHALLENGE TO JURISDICTION AND STANDING OF THE AGENCY TO SUE

The Administrative Law Judge (Herein after as ALJ), Michael Devine (USCG-DHS) denied special appearance, through motion, to challenge jurisdiction and standing of the Agency(TSA) to sue in this case without requiring the agency to prove up its claims and provided no specific grounds for denial of challenge other than stating that questions to the agency's authority and standing were "improper","irrelevant", and "did not apply to this matter". The following support holds that jurisdictional challenges are outside the parameter of judicial discretion to deny or to assume facts not in evidence on behalf of the plaintiff, and the petitioner moves that the ALJ's remarks be stricken, his decision reversed, and the complaint dismissed.

**Support.**

"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..."
*United States constitution: article III § 2*

"courts only adjudicate justiciable controversies."
*United States v. Interstate Commerce Commission, 337 US 426, 430*

"Once Jurisdiction is challenged it must be proven by the Plaintiff."
*Hagans vs Lavine 415 US 533 N-3, note 5*

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided."
*Basso v. Utah Power & Light Co., 495 F 2d 906, 910*

"No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party."
*Old Wayne Mut. L. Assoc. v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)*

"The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."
*Allen v. Wright, 468 U.S. 737, 751 (1984)*

"the duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it."
*Tyler v. Judges of the Court of Registration, 179 US 405*

1

"Constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant, and, in order to satisfy the judicial article of the Constitution, the plaintiff must show that he personally suffered some actual or threatened injury as a result of putatively illegal conduct of the defendant. *Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 S. Ct. 1601 (1979)*

"To satisfy the threshold requirement of alleging an actual case or controversy, the plaintiff was bound to demonstrate a personal stake in the outcome, an abstract injury was not enough but, rather, the plaintiff was bound to show that he had sustained or was in immediate danger or sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury was required to be both real and immediate, not conjectural or hypothetical.
*City of Los Angeles v. Lyons 461 U.S. 95,103 S.Ct. 1660 (1983)*

"The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant. In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U. S. 59, 438 U. S. 72 (1978); Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U. S. 252, 429 U. S. 260-261 (1977); Simon v. Eastern Kentucky Welfare Rights Org., 426 U. S. 26, 426 U. S. 38 (1976); Warth v. Seldin, supra at 422 U. S. 499; Linda R. S. v. Richard D., 410 U. S. 614, 410 U. S. 617 (1973).* "Otherwise, the exercise of federal jurisdiction "would be gratuitous, and thus inconsistent with the Art. III limitation." *Simon v. Eastern Kentucky Welfare Rights Org., 426 U. S. 38.*

"The plaintiff must show that he himself is injured by the challenged action of the defendant. The injury may be indirect, see *United States v. SCRAP, 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973)*, but the complaint must indicate that the injury is indeed fairly traceable to the defendant's acts or omissions." *Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1925-1926, 48 L.Ed.2d 450 (1976); O'Shea v. Littelton, 414 U.S. 488, 498, 94 S.Ct. 669, 677, 38 L.Ed.2d 674 (1974); Linda R. S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)." Vil. of Arlington Hts. v. Metro Housing Dev., 429 U.S. 252, 262.*

"It is as old as the law, and never more to be respected than now, that no one shall be personally bound until he had his day in court; by which is meant that until he has been duly cited to appear, and has been offered an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered."
*Old Wayne Mut. L. Assoc. v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)*

**Issue 2.**
<u>**HARMFUL AND REVERSIBLE ERROR: DENIAL OF COUNSEL**</u>

The ALJ, Michael Devine denied special appearance by Marc Stevens as counsel to the respondent specifically and specially to challenge the jurisdiction of the court and standing of the plaintiff (see: *Order granting motion to deem allegations admitted and motion or decision p4 sub 2*). Not only is this a denial of challenge to jurisdiction, but also the ALJ seems to believe that "council" means that counsel is required to be "qualified for representation" and specifically in this case "adds nothing to the current status of the matter" to which the petitioner objects to and takes exception to based upon the fact that Marc Stevens' sole intent regarding his special appearance was to challenge jurisdiction and

2

standing, an item of civil procedure which the ALJ has no judicial discretion to deny.

This constitutes a grievous, blatant, harmful, and reversible error upon the record of the proceeding, which the respondent calls upon the court to review and overturn.

**Support.**

See issue 1, Support Re: Jurisdictional Challenge.

49CFR § 1503.605 (b)
> "Any party *may be accompanied, represented, or advised by an attorney or representative designated by the party* and may be examined by that attorney or representative in any proceeding governed by this sub-part. An attorney or representative who represents a respondent and has not previously filed a pleading in the matter must file a notice of appearance in the action, in the manner provided in § 1503.429, and must serve a copy of the notice of appearance on each party, in the manner provided in § 1503.409, before participating in any proceeding governed by this sub-part. ***The attorney or representative*** must include the name, address, and telephone number of the attorney or representative in the notice of appearance.".

**Issue 3.**

### HARMFUL AND REVERSIBLE ERROR: NO FACTS UPON THE RECORD BEFORE THE COURT, AND MISCONDUCT/BAD FAITH BY THE PLAINTIFF – WITHHOLDING PROOFS OF CLAIMS, FACTS, AND EVIDENCE FROM A COMPLAINT BY WHICH THE PETITIONER COULD HAVE RESPONSIVELY ANSWERED

The ALJ accepted and admitted the Agency's complaint and a picture of an alleged item as persuasive and convincing evidence sufficient to constitute all elements necessary for a valid cause of action and to provide for a summary judgment against the respondent without evidence of claims, a credible witness, or even a substantiated claim of injury before the court.
(a) This error of accepting the agency's complaint as evidence and as substantive facts alleged without any material support or testimony, denied challenge, denied interrogatives for points of clarification, and deprived the petitioner of the ability to provide an "informed answer" to the complaint, which contained no proofs, that further deprived the petitioner of a fair and meaningful hearing in which discovery of evidence and witnesses could be later brought forth and challenged, a hearing held, and a meaningful and effective defense raised.
(b) The plaintiff (TSA) knowingly and in bad faith withheld proofs in support from items outlined in the original complaint which denied and hindered the petitioner's ability to be informed and specifically speak to each alleged element claimed in the document. Those proofs were later introduced by the agency (**see:** *motion to strike respondent's answer exhibits* and *order granting motion to deem allegations admitted and motion for decision p. 5*) and said proofs, were excluded from entry into the record as evidence by the ALJ when moved for summary judgment on the grounds these items were "**not contained in the original complaint**". This substantiates that there was no answerable evidence before the court to begin with, save only for a picture of alleged item (which is subject to challenge), and a complaint containing allegation only from a non-credible witness, who's statements (even if entered and admitted as hearsay) is in conflict with the Agency's attorney's code of ethics with regard to being the witness to the action, especially while lacking any first hand knowledge of the alleged events enumerated therein, and

3

also denying cross-examination by redacting the names of any other witnesses would could possibly testify for the defense.

(c) The burden of proof is solely upon the agency except in the instance of affirmative defense. The petitioner, further is under no obligation to self-report/self incriminate to **any** alleged items listed in a civil complaint by which there are no facts or evidence in support offered upon the record and/or by which subsequent criminal charges could later be pursued; and given that the agency withheld its proofs from the complaint, suggesting possible bad faith, and also given the extensive, comprehensive, conflicting, and exhaustive body of US Law in existence, it would be unreasonable for anyone to assume that such a subsequent criminal action could not later be brought under whatever circumstance or pretense.

This constitutes grievous, blatant, harmful, and reversible errors upon the record of the proceeding, which the respondent calls upon the court to review and overturn or dismiss the complaint.

**Support.**

American Bar Association, Advocate Rule 3.7, Lawyer As Witness
(a) A lawyer **shall not** act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9. *(emphasis added)*

"A second and more basic reason leads us to conclude the disputed evidence was improperly admitted. **We risk stating the obvious here: a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred**. The prosecution did not introduce evidence that Bailey misused the SEC rules — **rather, the prosecution offered only the complaint, which is far from evidence of anything.** Admitting the complaint may have permitted the jurors to succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred. **Such inferences are impermissible.** "
*U.S. v. Bailey 696 F.3d 794 (2012)[ 696 F.3d 801 ]*(emphasis added)

"It must be said, though, that a complaint would not establish knowledge even if the prosecution had purported to use it only for that reason. All a complaint establishes is knowledge of what a plaintiff claims. It does not establish the truth of either the facts asserted in the complaint, or of the law asserted in the complaint."
*U.S. v. Bailey 696 F.3d 794 (2012)[ 696 F.3d 801 ]*

"The right against self-incrimination forbids the government from compelling any person to give testimonial evidence that would likely incriminate him during a subsequent criminal case. This right enables a defendant to refuse to testify at a criminal trial and "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings"
*Lefkowitz v. Turley, 414 U.S. 70, 94 S. Ct. 316, 38 L. Ed. 2D 274 [1973]*

"The government insists broadly that the constitutional privilege against self-incrimination does not apply in any civil proceeding. The contrary must be accepted as settled. The privilege is not ordinarily

4

dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. The privilege protects a mere witness as fully as it does one who is also a party defendant. It protects likewise the owner of goods which may be forfeited in a penal proceeding." *McCarthy v. Arndstein - 266 U.S. 34 (1924).*
See Also: Counselman v. Hitchcock, 142 U. S. 547, 142 U. S. 563-564.

"The Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.' The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."
*McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924)*

(d) Except as otherwise provided by statute, ***the proponent of a rule or order has the burden of proof***. Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. ***A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence.*** The agency may, to the extent consistent with the interests of justice and the policy of the underlying statutes administered by the agency, consider a violation of section 557(d) of this title sufficient grounds for a decision adverse to a party who has knowingly committed such violation or knowingly caused such violation to occur. A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. In rule making or determining claims for money or benefits or applications for initial licenses an agency may, when a party will not be prejudiced thereby, adopt procedures for the submission of all or part of the evidence in written form.
TITLE 5 - GOVERNMENT ORGANIZATION AND EMPLOYEES , PART I - THE AGENCIES GENERALLY, CHAPTER 5 - ADMINISTRATIVE PROCEDURE, SUBCHAPTER II - ADMINISTRATIVE PROCEDURE,
Sec. 556. Hearings; presiding employees; powers and duties; burden of proof; evidence; record as basis of decision

**Issue 4.**

## HARMFUL AND REVERSIBLE ERROR: DENIAL OF DEFENSE THROUGH ADMINISTRATIVE PROCESS OF LAW

The agency (TSA) and the ALJ (both under the auspices, supervision, and command of the U.S. Department of Homeland Security) believe that the petitioner answered the complaint in "bad faith", while insufficient evidence or facts were submitted for (and were in fact withheld by the Agency from) the record making it impossible for the petitioner to informatively, sufficiently, and specifically deny and/or affirm any of the alleged claims, while the ALJ refused to responsively answer even basic interrogatives posed to the court for clarification, which subsequently forced the defendant to answer "insufficient information" to all counts claimed on the Agency's answer form, while at the same time:
  (a) The agency (TSA) attorney knowingly withheld proofs and evidence which hindered the petitioner's ability of the informatively answer or specifically deny alleged claims listed in the complaint, which would have led to discoverable material, subsequent challenge, and a hearing by which the respondent would have been allowed to defend himself.

(b) The ALJ refused to responsively answer any interrogatives or seek further definitive statements from the Agency by which subsequent proofs or evidence (**simply to service the complaint and to address the apparent lack of evidence, witnesses, or even allegations of damage from the complaint, and not to be confused or associated with discovery**) could have been submitted for and on the record which would have allowed the defense to specifically and informatively admit or deny specific items listed in the complaint, that would have led to discoverable material, challenge to evidence and witnesses, and a hearing by which the respondent could have raised a defense.

(c) Items of proof offered by the agency (TSA) in its movement for summary judgment (though not admitted as evidence by the ALJ), specifically the Agency's "incident report", all of the names of witnesses were redacted, denying the petitioner the ability to directly face his accuser and question any individuals, testimony, or evidence brought against him, which would have allowed the defendant to confront witnesses, challenge evidence, cross examine any witnesses, and otherwise meaningfully defend himself.

(d) Even were the TSA's attorney to testify on the record to his claims, he could not be considered a credible witness IAW FRE Rule 602 with regard to first hand personal knowledge, and would be subject to cross examination and challenge as Mr. Klippel was neither personally there at the event in question, nor could he, nor has he offered any credible hearsay evidence being that all of the names and badge numbers of relevant witnesses, who WERE there, have been redacted from the Agency's report making cross examination and the execution of a meaningful and effective defense impossible.

This constitutes grievous, blatant, harmful, and reversible errors upon the record of the proceeding, which the respondent calls upon the court to review and overturn or dismiss the complaint.

**Support.**

"If there was here a denial of cross-examination without waiver, it would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it."
*Brookhart v. Janis, 384 U.S. 1 (1966)*

"The heart of Article I, section 11's guarantee is the right to cross-examine the witnesses against the accused. This guarantee is a robust right which is not fulfilled "simply because defendant had the opportunity to cross-examine the [witness] about the specific incident with which defendant was charged. The right of confrontation includes the right to engage in effective cross-examination to impeach witnesses who are called by the state."
*State v. Maxwell, 172 Or. App. 142 (2001)* (emphasis added)

"In fact, where impeachment is involved, the Confrontation Clause "tips the scales" such that this crucible may be denied the defendant only where "the probative value of the evidence that the defendant seeks to elicit is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."
*State v. LeClair, 83 Or. App. 121 (1986)* (emphasis in original)

Issue 5.

## HARMFUL AND REVERSIBLE ERROR, DENIAL OF RIGHT TO BE INFORMED AS TO THE NATURE AND CAUSE OF THE PROCEEDINGS AGAINST THE RESPONDENT

The ALJ, Michael Devine was repeatedly unresponsive and repeatedly and knowingly refused to answer specific interrogatives for specific points of clarification submitted to the court upon the record. The respondent is not an attorney, is appearing pro se, and called upon the ALJ for specific points of clarification with regard to this case so that the respondent could put up a meaningful and effective defense.  These questions were:

1. Has a valid Cause of action been filed against me?
2. Is this alleged 'Civil' action filed against me is in the nature of a Contract Dispute or a Tort?
3. Am I entitled to a fair and meaningful hearing?
4. Am I entitled to responsive answers to my questions?

Mr. Devine, refused to responsively answer these interrogatives for clarification, instead asserted that the petitioner was "seeking legal advise" and was "asking legal questions", sent a printed copy of the Code of Federal Regulations §1503 for the "benefit of the respondent"; he then further stated that if the respondent did not answer the complaint, an answer would be entered on his behalf.

Since Mr. Devine does not and cannot represent the defense in this matter, and as an ALJ is prevented from practicing law from the bench [28 USC 454 - Sec. 454], it would be unreasonable to assume that the ALJ would (or could) enter an answer on behalf of the defense in good faith while at the same time refusing to answer the party's points of clarification in order to be able to effectively and meaningfully answer the allegations.

Further, given that the ALJ and the Agency have refused to be responsive, even to simple and limited questions regarding the cause and nature of the Agency's complaint and the proceedings which the ALJ has deemed that the mere accusations themselves, being unsupported and without evidence (**being withheld from the record by the Agency**), and without requesting the agency provide a more definitive statement and to offer up the proofs it withheld (**simply to service the complaint, not to be confused with discovery**), compels the defensive party to 'meaningfully' participate, despite jurisdictional challenge, sans necessary and vital information, which is not legal advice, bur rather points of clarification as to cause and nature of an alleged civil complaint.

Mr. Devine, using his office and abuse of discretion has denied the respondent even basic service by which the defense would have been able to have been properly and sufficiently informed as to the nature and cause of the complaint, to be able to affirm or deny specific allegations listed in said document, to challenge evidence and witnesses, and raise an effective and meaningful defense to the accusations levied against the defense by the TSA, the US Coast Guard, and the Department of Homeland Security (DHS).

This constitutes grievous, blatant, harmful, and reversible errors upon the record of the proceeding, which the respondent calls upon the court to review and overturn or dismiss this complaint.

7

## RELIEF SOUGHT ON APPEAL

The decisions rendered by the Michael Devine (USCG/DHS) and the TSA decision maker should be overturned and complaint filed by Mr. Klippel be dismissed with prejudice for a lack of jurisdiction and no cause of action, failure to state a claim, and also with prejudice for Judicial abuse of discretion, and for TSA's withholding vital information from the Agency's complaint which would have allowed the respondent to file a more informed and responsive answer.  If not, then I seek redress by the Department of Homeland Security docketing agency by affirmatively and actually assigning and holding a hearing either by telephone or in person at a date agreed upon by all parties concerned so that matters can be addressed in a meaningful and open manner.

## POINTS FOR CLARIFICATION

It has recently been brought to the attention of the defense, by Marc Stevens through telephonic communication with the Agency, that Scott Klippel, TSA attorney, and witness in error for the plaintiff, has been placed upon administrative leave by the Agency, and the respondent asks the court to order the agency to divulge the reason, nature, and cause of this administrative action, as such information could possibly prove to be beneficial for the defense or could raise questions concerning the complaint.

Also I would ask the court to order the agency to show cause as to why they did not inform the defense as to this change of counsel, and lastly for the court to consider that if Mr. Klippel (though in error) is the only witness relied upon by the record, if he is on administrative leave, should he be absent or unavailable, how is the defense going to be able to cross examine the witness?

*[signature]*

Jameson Weatherford                                                              01APR2013

A. Have you filed other cases in this Court? Yes [ ] No [x]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?   N/A

_____
Signature
[Notarization Not Required]

Jameson Weatherford
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
**********************

I certify that on  / APR 2013  I served a copy of this Informal Brief on all parties, addressed as shown below:

_____
Signature

Clerk's Office
U.S. Court of Appeals
For the Fourth Circuit
Richmond, Virginia
[VA 23219]

USCG Docketing Center
40 S. Gay St. (Room 412)
Baltimore, Maryland
[MD 21202-4022]
ATTN Enforcement Docket Clerk
ATTN Michael Devine

TSA Decision Maker
US Department of Homeland Security
Transportation Security Administration
601 S. 12th. St. (TSA-2)
Arlington, Virginia
[VA 20598]

Scott Klippel
US Department of Homeland Security
Transportation Security Administration
601 S. 12th. St. (TSA-2)
Arlington, Virginia
[VA 20598]